UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No. _____

SL MONROE SR.,                         )
                                       )
         Plaintiff,                    )
                                       )
v.                                     )
                                       )
INTREPID DETOX RESIDENTIAL LLC,        )
CHAPEL HILL MEDICAL SERVICES, LLC      )
d/b/a Chapel Hill Medical Detox, and   )
REBECCA KHAN, individually,            )
                                       )
         Defendants.                   )

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff SL MONROE SR. ("Plaintiff") and other similarly situated individuals sues defendants INTREPID DETOX RESIDENTIAL LLC and CHAPEL HILL MEDICAL SERVICES, LLC d/b/a Chapel Hill Medical Detox (the "Corporate Defendants") and REBECCA KHAN (collectively, the "Defendants") and alleges:

### JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages and retaliatory discharge under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").



1

**VENUE**

3. Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. The Corporate Defendants are limited liability companies, having their main places of business in Palm Beach County, Florida, where Plaintiff worked for the Corporate Defendants, and at all times material hereto were and are engaged in interstate commerce.

5. The Corporate Defendants share common ownership, common management, common Human Resources employees, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise or an agent of each other. Alternatively, each company is an enterprise under the Act.

6. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers or an agent of each other. Alternatively, each company is an enterprise under the Act.

7. Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

8. Defendant REBECCA KHAN (the "Individual Defendant") is an owner, officer, and/or director of the Corporate Defendants, and upon information and belief, resides in Palm Beach County, Florida.



9.    The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I:
## WAGE AND HOUR VIOLATION BY THE CORPORATE DEFENDANTS
## (OVERTIME)

10.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 9 above as if set out in full herein.

11.   This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

12.   Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operated as organizations which market their services to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their



business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.

13. Upon information and belief, the combined annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

14. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are an addiction treatment center and, through their business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affected interstate commerce. Plaintiff was employed by the Corporate Defendants as a Behavioral HealthTechnician ("BHT") for the Corporate Defendants' business.

15. Plaintiff began working for the Defendant INTREPID DETOX RESIDENTIAL LLC ("Intrepid") during or around May 2021 until his wrongful termination on or about October 26, 2021. Plaintiff worked for Intrepid 7am – 3pm Sunday, Monday, Thursday, Friday and Saturday. Then, on or about June 1, 2021, Plaintiff's supervisor Krista (ULN) requested that Plaintiff additionally work at Defendant CHAPEL HILL MEDICAL SERVICES, LLC d/b/a Chapel Hill Medical Detox ("Chapel Hill"). Plaintiff agreed to work the additional hours, and on



4

or about June 1, 2021, Plaintiff began working as a BHT at Intrepid and Chapel Hill, Sunday through Saturday, from either 7:00am until 3:00pm or from 3:30pm until 11:30pm.

16. The Corporate Defendants paid Plaintiff $17.00 per hour.

17. However, Plaintiff did not receive one- and one-half times the regular rate of pay for all hours worked over 40 hours in a workweek.

18. Accordingly, Plaintiff worked approximately an average of 56 hours per week, without being compensated at the rate of not less than one- and one-half times the regular rate at which he is employed. The Corporate Defendants did not pay the Plaintiff any overtime for the hours he worked over 40 in a workweek.

19. Plaintiff was employed by the Corporate Defendants for approximately 21 compensable weeks under the Act, or 21 compensable weeks if counted 3 years back from the date of the filing of the instant action.

20. Plaintiff was employed as a BHT, performing the same or similar duties as that of those other similarly situated Behavioral Health Technicians whom Plaintiff has observed working in excess of 40 hours per week without overtime compensation.

21. Initially, Plaintiff recorded his work hours by calling Defendants when he arrived at the jobsite. However, during or around August 2021, Plaintiff began utilizing Defendants' clock-in and clock-out system to document his work hours.

22. The Corporate Defendants did not properly compensate Plaintiff for hours he worked in excess of 40 hours per week.



23. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 years preceding the date of the filing of this Complaint.

24. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

| | |
|---|---|
| START DATE FOR COMPENSABLE WEEKS | 6/1/2021 |
| END DATE FOR COMPENSABLE WEEKS | 10/26/2021 |
| TOTAL COMPENSABLE WEEKS | 21 |
| HOURLY RATE | $17.00 |
| WEEKLY HOURS WORKED | 56 |
| OVERTIME RATE | $8.50 |
| WEEKLY OT HOURS WORKED | 16 |
| OVERTIME (ACTUAL DAMAGES) | $2,856.00 |
| OVERTIME (LIQUIDATED DAMAGES) | $2,856.00 |
| TOTAL DAMAGES | $5,712.00 plus attorney's fees and costs |

25. At all times material hereto, the Corporate Defendants has failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and work in excess of the maximum hours provided by the Act, but no provision has been made by the Corporate Defendants to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/orformer employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were



not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

26. The Corporate Defendants knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

27. Throughout Plaintiff's employment with the Corporate Defendants, the Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States and remain owing Plaintiff these overtime wages as set forth above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.



## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II:
## WAGE AND HOUR VIOLATION AGAINST THE INDIVIDUAL DEFENDANT (OVERTIME)

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 above as if set out in full herein.

29. At the times mentioned, the Individual Defendant was, and is now an owner or officer of the Corporate Defendants. The Individual Defendant is an employer of Plaintiff within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly in the interest of the Corporate Defendants in relation to their employees, including Plaintiff. The Individual Defendant had operational control of the business and is jointly and severally liable for Plaintiff's damages.

30. The Individual Defendant was and is, at all times relevant, a person in control of the Corporate Defendants' financial affairs and could cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

31. Throughout Plaintiff's employment with the Individual Defendant, the Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:



A. Enter judgment for Plaintiff, and others similarly situated, and against the Individual Defendant on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) AGAINST THE CORPORATE DEFENDANTS (RETALIATORY DISCHARGE)

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 9 above as if set out in full herein.

33. The Corporate Defendants willfully and intentionally refused to pay Plaintiff his legally owed overtime wages as required by the laws of the United States and remain owing Plaintiff these wages as set forth above.

34. Section 206(a)(3) of the Act states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

35. In or about August of 2021 through October of 2021, Plaintiff complained about his unpaid overtime wages to the Corporate Defendants.



36. On or about October 26, 2021, Plaintiff was terminated.

37. The motivating factor, which caused Plaintiff's discharge as described above, was the complaint seeking the payment of overtime wages from the Corporate Defendants. In other words, Plaintiff would not have been fired but for his complaint about unpaid overtime wages.

38. The Corporate Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter a judgment against the Corporate Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs; and

B. Order reinstatement and promotion and injunctive relief prohibiting the Corporate Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: November 3, 2021.

Respectfully submitted,

By: **/s/ Tanesha W. Blye**
Tanesha Walls Blye, Esq.
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

Aron Smukler, Esq.
Fla. Bar No.: 297779



Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Trial Counsel for Plaintiff*

